## APPEAL OF ASHTABULA BOW SOCKET CO.

Docket No. 2553.     Submitted May 25, 1925.     Decided July 11, 1925.

*Franklin D. Schurz, C. P. A.,* and *J. G. Schurz, C. P. A.,* for taxpayer.

*Briggs G. Simpich, Esq.,* for the Commissioner.

Before Sternhagen, Lansdon, Green, and Love.

The Commissioner refused to adopt the taxpayer's method of determining its inventory of certain sheet steel and, upon the basis of a revised inventory, he determined a deficiency for the calendar year 1917 of $11,329.40, and overassessments aggregating $2,144.62 for 1918 and 1919. The taxpayer appeals only from the deficiency for 1917.

### FINDINGS OF FACT.

The taxpayer was an Ohio corporation engaged in the manufacture of bow sockets for automobile and carriage tops.

Since 1881 it has used the same method of taking and pricing its inventory of sheet steel. To the amount of the inventory at the beginning of the year it added, at invoice cost, the tonnage purchased during the year, and this total cost was then divided by the total tonnage to arrive at unit cost. This unit cost was applied to the goods on hand at the end of the year to get the closing inventory. In 1917 the figures for 23½ and 24 gauge sheet steel were as follows:

| | | | | | |
|---|---|---|---|---|---|
| On hand Jan. 1, 1917 | 1, 397, 421 | lbs., | average cost | | $41, 217. 17 |
| Purchased during year | 1, 329, 997 | " | cost | | 52, 296. 51 |
| | 431, 080 | " | " | | 25, 648. 62 |
| | 3, 165, 750 | " | " | | 146, 566. 03 |
| | 537, 226 | " | " | | 21, 358. 39 |
| | 40, 639 | " | " | | 1, 910. 03 |
| Total | 6, 902, 113 | " | | | 288, 996. 75 |

The taxpayer divides the above total cost by the quantity and arrives at 4.25¢ lb. We find it to be 4.18¢ lb. To this the taxpayer adds .4¢ for " miscellaneous tonnage, freight, cartage and handling," as to which we make no finding for want of evidence.

The 23½ and 24 gauge sheets used by the taxpayer were in various widths. Each width was kept in a separate pile or piles. The storage space was limited and the new supply was always placed on top of the pile. It was also used from the top of the pile. On December 31, 1917, there were on hand 2,571,610 pounds. Some of the piles were at no time totally exhausted until in 1921, when the taxpayer cleaned out its stock on hand. It was then found that the steel at the botom of some of the piles was old and rusty and required cleaning.

In 1917 at least two carloads of sheet steel were used directly from the cars without going over the storage piles. In 1917 the price of steel fluctuated very much and it was substantially different at the end of the year and at the beginning.

The Commissioner adjusted the merchandise purchase account and increased the closing inventory for 1917 and the opening inventory for 1918, and made other adjustments for the three years.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

STERNHAGEN : The taxpayer points to a statement made in a revenue's agent report to the effect that he found that the taxpayer's inventories, which were alleged to be priced at cost, did not represent true cost, and that he was adjusting them to true cost in accordance with the regulations. The said report does not, however, disclose what computations were made by the revenue agent in making his adjustment, only the values of the total inventories being shown in the report. These figures were not adopted entirely by the Commissioner, and the deficiency letter shows a different adjustment from that recommended by the agent. From this the taxpayer appeals, alleging as error the " incorrect pricing of the inventory of sheet steel at the close of the taxable year 1917 in that the Commissioner rules that the goods most recently purchased should be those contained in the inventory."

In support of its appeal the taxpayer proved only the average cost of its 23½ and 24 gauge sheet steel on hand at the beginning of the year, computed as outlined in the findings; the amounts and costs of such additions during the year as went through its storage house, omitting such as went directly from car to plant, and the

amount on hand at the end of the year, which it had priced at the average cost of $4.65 per cwt. This latter figure appears to be unsupported by the evidence. It is the sum of an erroneous direct cost figure of $4.25 and an unsupported miscellaneous and transportation cost figure of 40¢.

We need not go further in stating why we must approve the deficiency, but it may be added that the record does not disclose any facts as to the inventory as a whole, but is confined entirely to the methods and figures as to this one class of material. Whether the average cost method, so called, was used for the remainder of the inventory we do not know; and surely we cannot say that the deficiency is improperly determined because the Commissioner has found a different total inventory figure from that of the taxpayer. The taxpayer's average cost method may or may not be deserving of recognition. If so, since it is not in accordance with that officially approved by the Commissioner, it must be clearly substantiated in its application to the goods of the taxpayer as a whole, and its propriety in respect of a particular class of its materials is not determinative.

Another aspect of the appeal should be mentioned. The Commissioner determined the taxes for three years, and the taxpayer appeals from only one. The effect of this must be apparent. The closing inventory of one year is the opening inventory of the next, and an adjustment must therefore have its effect upon both years.